**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER; 1519 New Hampshire Avenue NW, Washington, D.C. 20036<br><br>DOE 1;<br><br> *Plaintiffs*,<br><br> v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT 1900 E Street NW Washington, D.C. 20415<br><br>CHARLES EZELL, in his official capacity as Acting Director of the Office of Personnel Management; 1900 E Street NW Washington, D.C. 20415<br><br>U.S. DEPARTMENT OF THE TREASURY 1500 Pennsylvania Avenue NW Washington, D.C.<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury; 1500 Pennsylvania Avenue NW Washington, D.C. 20220<br><br>U.S. DOGE SERVICE; 736 Jackson Place NW Washington, DC 20503<br><br>ACTING U.S. DOGE SERVICE ADMINISTRATOR 736 Jackson Place Washington, D.C. 20503<br><br>U.S. DOGE SERVICE TEMPORARY ORGANIZATION; 736 Jackson Place Washington, D.C. 20503<br><br> *Defendants*. | Civil No. 1:25-cv-002255 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

### Background

Plaintiff Doe 1 is an American taxpayer and civil servant. *See* Ex. A, Declaration of Doe 1 ("Doe Decl.") ¶¶ 2, 6, 7. Like many taxpayers, she[1] has filed her tax returns online within the past six years. *Id.* ¶ 7. Like most taxpayers, she expects that when she submits confidential financial information to the Department, it will remain confidential. *Id.* ¶ 8. And like all civil servants, her personally identifiable employment information, including sensitive personnel records, is stored on information systems at the Office of Personnel Management—information which to date she has expected is and would remain confidential. *Id.* ¶¶ 5, 8, 9. That privacy is at risk in this suit.

Plaintiff Doe 1, together with Plaintiff EPIC, brings this action under the Privacy Act, the Federal Information Security Modernization Act of 2014, the Internal Revenue Code, the Administrative Procedure Act, and the Fifth Amendment of the United States Constitution against Defendants—the Department and Secretary of Treasury ("Treasury"), the Office of Personnel Management and its Director ("OPM"), the United States Digital Service ("USDS"), and the "Department of Government Efficiency" ("DOGE")—to challenge the access granted to USDS and DOGE by Treasury and OPM to sensitive government information systems, including the Bureau of Fiscal Service and the Enterprise Human Resources Integration system. In doing so, Plaintiff Doe 1 respectfully requests the Court to allow her to proceed anonymously in this action to preserve her privacy—the very privacy she seeks to vindicate in this action. If

---

[1] Plaintiffs refer to Doe using female pronouns throughout this memorandum for consistency, not to imply whether Doe is in fact female.

necessary, Plaintiff is prepared to provide her true identity to the Court subject to an appropriate protective order.

Plaintiff's reasonable expectation of privacy is under threat by Defendants' unauthorized grant of access to sensitive government information systems that contain her own confidential personally identifiable information. She seeks to preserve her privacy, and fears that she may face retaliation by Defendants if identity is revealed. As explained in Plaintiffs' Complaint, Plaintiffs ask this court to prevent further access to Treasury and OPM information systems and to require USDS and DOGE to relinquish any data they have acquired in order to protect the private personal information of Plaintiff Doe 1.

## Argument

A motion to proceed anonymously is granted when "[t]here is very little risk of prejudice to Defendant in allowing Plaintiff to proceed under pseudonym." *A.D. v. Wyndham Hotels & Resorts*, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020). In determining whether to permit a party to proceed anonymously, courts consider the following, non-exhaustive set of factors:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993).

Here, these factors confirm that Plaintiff's motion should be granted. The purpose of Plaintiff's suit is to preserve her privacy and the confidentiality of her sensitive personal

information; to reveal her identity here would be contrary to the relief requested. Moreover, Plaintiff Doe 1 reasonably fears that Defendants may retaliate against her for her participation in this suit and opposition to their attempted infiltration of government information systems. Finally, proceeding pseudonymously would not prejudice the government here because her identity is not material to the claims in the complaint and the government has a minimal interest in protecting its reputation against anonymous allegations.

### A. The Primary Purpose of This Motion is to Preserve Privacy in a Matter of a Sensitive and Highly Personal Nature.

Plaintiff's request to proceed under a pseudonym is made "to preserve [Plaintiff's] privacy in a matter of sensitive and highly personal nature." *Int'l Refugee Assistance Project v. Trump*, 2017 WL 818255, at *1 (D. Md. Mar. 1, 2017). The government information systems at issue in this case contain Plaintiff's personally identifiable information, including sensitive personnel records and financial information based on her employment status as a career civil servant and as a taxpayer who has electronically filed a return with the Internal Revenue Service. Doe Decl. ¶¶ 5-7. The Fourth Circuit has held that "financial information . . . is protected by a right to privacy." *Walls v. City of Petersburg*, 895 F.2d 188, 194 (4th Cir. 1990); *see Fraternal Ord. of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 115 (3d Cir. 1987) (holding that "financial information . . . is entitled to privacy protection" because people may "feel uncomfortable about divulging" it). To require Doe to identify herself here would run contrary to the purpose of this litigation.

### B. Revealing Doe's Identity Risks Retaliation.

Revealing Plaintiff Doe 1's identity would make her vulnerable to retaliation by Defendants. Already, Defendants have demonstrated that they will retaliate against those who

oppose their infiltration of sensitive government information systems.[2] And the administration generally has made clear that it is willing to purge its perceived enemies.[3]

Plaintiff Doe 1 fears, with good reason, that if she is personally identified as opposing the administration's attempt to seize control of sensitive government information systems, that she too will be "swept aside."[4] *Id.* Doe 1 is a career civil servant, and her employment with the federal government might easily be put at risk by an administration that has proved willing to use adverse employment decisions to enforce its political will if her identity is revealed in connection with this suit.

### C. Allowing Plaintiff to Proceed Anonymously Does Not Prejudice Defendants.

Plaintiff Doe 1's identity is not necessary to the resolution of this litigation, particularly because the defendant is the government. First, Plaintiff's identity has no bearing on Defendants' ability to address the legal issues presented by the Complaint. *See Doe v. Barrow Cnty.*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (granting a motion to proceed anonymously where "plaintiff plays a relatively minor role"). Defendants do not need to investigate Plaintiff's identity to defend the claims in the Complaint, because the factual circumstances relevant to the disposition of those claims have everything to do with how Defendants have acted in granting and gaining access to sensitive information systems and nothing to do with details of Plaintiff's

---

[2] *See, e.g.*, Andrew Duehren, et al., *Treasury Official Quits After Resisting Musk's Requests on Payments*, N.Y. Times (Jan. 31, 2025), https://www.nytimes.com/2025/01/31/us/politics/david-lebryk-treasury-resigns-musk.html (former Acting Secretary of Treasury placed on administrative leave after refusing to provide systems access to DOGE).
[3] *See* Jeremy Herb et al., *How Trump and Musk have shaken the federal workforce*, CNN (Feb. 7, 2025), https://www.cnn.com/2025/02/07/politics/trump-musk-federal-workforce/index.html ("Those who have attempted to resist the hand-picked employees Musk installed at DOGE have been swiftly swept aside.").
[4] *Id.*

tax or employee records—records which, if Plaintiff's interest in this case are vindicated, will remain confidential.

And "[w]hen a plaintiff challenges the government or government activity, courts are more likel[y] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Nat'l Ass'n of Waterfront Emps. v. Chao*, 587 F. Supp. 2d 90, 99 n.9 (D.D.C. 2008) (alteration in original) (quoting *Yacovelli v. Moeser*, No. 1:02-cv-596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004). That is because "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). The government has minimal interest in verifying Doe 1's identity to contest her claims on the basis of damage to the government's reputation.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests the Court to enter an order permitting Plaintiff to proceed anonymously and to conceal Plaintiff's identifying information from the public record.

Dated: February 11, 2025 	Respectfully submitted,

*/s/ Matthew B. Kaplan*
Matthew B. Kaplan, VSB # 51027
THE KAPLAN LAW FIRM
1100 N. Glebe Rd., Suite 1010
Arlington, VA 22201
Telephone: (703) 665-9529
mbkaplan@thekaplanlawfirm.com

Alan Butler*
EPIC Executive Director
John L. Davisson*
EPIC Director of Litigation
ELECTRONIC PRIVACY INFORMATION CENTER
1519 New Hampshire Ave, N.W.
Washington, D.C. 20036
Telephone: (202) 483-1140
Fax: (202) 483-1248

Mark B. Samburg*
Aman T. George*
Orlando Economos*
Robin F. Thurston*
Skye Perryman*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
msamburg@democracyforward.org
ageorge@democracyforward.org
oeconomos@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* pro hac vice *application forthcoming*

*Counsel for Plaintiffs*