# Exhibit B

# DECLARATION OF ALAN BUTLER

I, Alan Butler, declare as follows:

1. My name is Alan Butler. I am over 18 years old. The information in this declaration is based on my personal knowledge.

2. I am the President and Executive Director of the Electronic Privacy Information Center (EPIC).

3. EPIC is a non-profit, public interest research center established in 1994 to focus public attention on emerging privacy and civil liberties issues. EPIC's mission is to secure the fundamental right to privacy in the digital age for all people through advocacy, research, and litigation. Central to EPIC's mission is oversight of government activities that impact individual privacy, free expression, and democratic values.

4. EPIC is a membership organization. *EPIC v. U.S. Dep't of Commerce*, 928 F.3d 95, 101 (D.C. Cir. 2019).

5. Under EPIC's bylaws, a person is a member of EPIC if they contribute to the advancement of the mission of EPIC, act in accordance with the core values and policies of EPIC, and are recognized and registered as a member by EPIC by virtue of payment of annual dues or having been granted a dues waiver.

6. The EPIC Advisory Board consists of a select group of EPIC members, each selected by a vote of the Board, who are distinguished experts in law, technology, or public policy. Advisory Board Members provide guidance for EPIC's work, participate in EPIC's activities, offer support for EPIC, provide expertise to EPIC, and may serve on the EPIC Board of Directors.

7. David Brody, Leonard J. Kennedy, and Bruce Schneier are known to me and to EPIC as both members of EPIC and members of the EPIC Advisory Board.

8. David Brody, Leonard J. Kennedy, and Bruce Schneier have attested that their personal information, including tax return information, is stored in the payment systems of the U.S. Department of Treasury's Bureau of the Fiscal Service (BFS).

9. David Brody, Leonard J. Kennedy, and Bruce Schneier have attested that they understood and expected that the federal government would keep their personal information contained in BFS payment systems private and confidential.

10. David Brody, Leonard J. Kennedy, and Bruce Schneier have attested that they understood and expected that the federal government would adhere to all applicable laws, regulations, and policies protecting the privacy, confidentiality, and security of their personal information contained in BFS payment systems.

11. David Brody, Leonard J. Kennedy, and Bruce Schneier have attested that the unlawful breach, disclosure, and accessing of their personal information contained in BFS payment systems has caused them, and continues to cause them, significant fear about the misuse of their information by those who have accessed it, significant fear about the increased vulnerability of their personal information to further theft, and significant fear about the increased risk of identity theft.

12. In addition to David Brody, Leonard J. Kennedy, and Bruce Schneier, there are many other members of EPIC who could attest similarly.

13. Like EPIC's members, EPIC as an organization understood and expected that the federal government would keep personal information contained in BFS payment systems private and confidential. This understanding and expectation were based on legal protections such as the Privacy Act, the Federal Information Security Modernization Act, and section

6103 of the Internal Revenue Code as well as government representations including the Taxpayer Bill of Rights.

14. Like EPIC's members, EPIC as an organization understood and expected that the federal government would adhere to all applicable laws, regulations, and policies protecting the privacy, confidentiality, and security of personal information contained in BFS payment systems. This understanding and expectation were based on legal protections such as the Privacy Act, the Federal Information Security Modernization Act, and section 6103 of the Internal Revenue Code as well as government representations including the Taxpayer Bill of Rights.

15. The unlawful breach, disclosure, and accessing by Defendants of personal information, including Social Security numbers, banking information, information about the amount of taxes paid or returned, and other information contained in BFS payment systems, substantially hinders EPIC's mission of securing the fundamental right to privacy in the digital age for all people and ensuring oversight of government activities that impact individual privacy, free expression, and democratic values.

16. The unlawful breach, disclosure, and accessing by Defendants of personal information contained in BFS payment systems has forced EPIC to expend significant organizational resources to counteract such unlawful conduct, including but not limited to extensive staff time spent on advocacy, research, public education, and litigation. This expenditure of staff time has required diversion of staff time from other work in the service of EPIC's mission.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Executed on February 12, 2025

05/27/2020

_____
Alan Butler

4