# Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Civil No. 1:25-cv-255-RDA-WBP |

## DECLARATION OF MICHAEL J. WENZLER

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

I, Michael J. Wenzler, declare the following to be a true and correct statement of facts:

1. I am the Associate Chief Human Capital Officer for Executive and Human Capital Services at the Departmental Offices of the Department of the Treasury (Treasury). In this capacity, I am responsible for leading and overseeing the development and delivery of the full range of human resources services to managers, supervisors, and employees of Treasury's Departmental Offices. This includes, but is not limited to, appointing, onboarding, and providing executive resources support to Departmental Offices senior executives, senior level executives, non-career executives, Schedule C appointees, and Presidential appointees. I have held this position since January 28, 2024. Prior to this role, I served at the U.S. Mint, and I have been employed at the Treasury Department since April 2020.

2. The purpose of this declaration is to set forth information related to Treasury's

employment of Thomas H. Krause, Jr., and Marko Elez. The statements made herein are based on my personal knowledge and review of documents and information furnished to me in the course of my official duties.

3. On January 23, 2025, Thomas H. Krause, Jr., was appointed under 5 U.S.C. § 3109 as a Consultant for Treasury (Departmental Offices, Office of the Chief of Staff) with the title of Senior Advisor for Technology and Modernization. Thomas executed his appointment affidavit and affirmed his oath of office on January 23, 2025 and onboarded at Treasury the same day.[1] Consultants appointed under 5 U.S.C. § 3109 are Federal civil service employees under 5 U.S.C. § 2105. *See* 5 C.F.R. § 304.101. A consultant appointed under 5 U.S.C. § 3109 may be employed without pay. *See* 5 C.F.R. § 304.102(h). Thomas waived compensation in writing and was serving unpaid until his subsequent appointment described below in paragraph 7.

4. Thomas is designated as a Special Government Employee (SGE) under 18 U.S.C. § 202. An SGE is an officer or employee who is retained, designated, appointed, or employed, to perform temporary duties either on a full-time or intermittent basis, with or without compensation, for not more than 130 days during any period of 365 consecutive days. On February 3, 2025, I executed human resources forms associated with Thomas's appointment ("appointment documentation") in my role as the Appointing Official. It is common during transitions between administrations, when many individuals are onboarding in a short period of time, for such appointment documentation to be executed after the individual's employment at Treasury begins. Subsequent review of the appointment documentation I executed on February 3,

---

[1] The relevant statutory authority was 31 U.S.C. § 332(1), which provides that the Treasury Secretary "may to the extent provided in advance by appropriation acts . . . contract for the temporary or intermittent services of experts or consultants as authorized by" Section 3109. The relevant appropriation is section 113 of Division B of Pub. L. No. 118-47 ("Appropriations to the Department of the Treasury in this Act shall be available for . . . services authorized by 5 U.S.C. § 3109").

2

2025 identified an error in the identified period of Thomas's Consultant appointment. Specifically, the February 3, 2025 documentation erroneously stated that Thomas's start date was February 9, 2025. As described above, Thomas has been a Treasury employee since January 23, 2025. Accordingly, on February 10, 2025, I executed revised appointment documentation for Thomas, which reflected the correct appointment term of January 23, 2025 to March 24, 2025.

5. The Summary of Duties for Thomas's Consultant appointment states that: "The Senior Advisor will work very closely with the Office of Fiscal Assistant Secretary and Fiscal Service - and in particular the Office of the Commissioner to execute Fiscal's mission of promoting the financial integrity and operational efficiency of the federal government through exceptional accounting, financing, collections, payments, and shared services. The Senior Advisor shall focus on key issues for Fiscal, including but not limited to: (1) Operational Resiliency; (2) Advancing Governmentwide Payment Integrity; (3) Critical Modernization Programs; (4) Improving the Payment Experience; and (5) TreasuryDirect User Credential Costs. The Senior Advisor shall work closely with key internal, external, and interagency stakeholders to execute Fiscal's mission."

6. 5 C.F.R. § 304.102(b) defines a consultant as "a person who can provide valuable and pertinent advice generally drawn from a high degree of broad administrative, professional, or technical knowledge or experience." 5 C.F.R. § 304.103(c) defines a consultant position as "one that requires providing advice, views, opinions, alternatives, or recommendations on a temporary and/or intermittent basis on issues, problems, or questions presented by a Federal official." Agencies may not employ consultants to preform managerial or supervisory work. *See* 5 C.F.R. § 304.103(b).

*[signature]* 2/18/2025

7.  At the request of the Treasury Chief of Staff (hiring manager), my office pursued a change to Thomas's appointment as the Senior Advisor for Technology and Modernization, such that he would become a Temporary Transition Schedule C (*see* 5 C.F.R. § 213.3302; U.S. Office of Personnel Management Memorandum for Heads of Executive Departments, Independent Agencies, Inspectors General and the Council of the Inspectors General on Integrity and Efficiency dated January 8, 2025). My office successfully appointed Thomas to this Temporary Transition Schedule C position effective February 13, 2025, for a period not to exceed March 24, 2025, at which point Mr. Krause was no longer employed as a Consultant under 5 U.S.C. § 3105. Thomas retains his ethics designation as an SGE under this new Schedule C appointment. In this position, Thomas will work closely with the Chief of Staff, the Under Secretary for Domestic Finance, and the Office of Fiscal Assistant Secretary and Fiscal Service to lead the development, execution, and management of the information technology and technological modernization efforts and programs for the Department of the Treasury and the internal management of the Department and its bureaus – including the Bureau of the Fiscal Service – as it relates to technology.

8.  On January 21, 2025, Treasury appointed Marko Elez as Special Advisor for Information Technology and Modernization (Treasury Departmental Offices, Office of the Chief of Staff), under Treasury's authority to establish temporary transitional Schedule C positions. *See* 5 C.F.R. § 213.3302. Appointments under this authority may be made for a period not to exceed 120 days with one extension of an additional 120 days. As described herein, Marko was a Treasury employee between January 21 and February 6, 2025.

4

9. The Position Description for Marko states that his roles and responsibilities included conducting "special and confidential studies on a variety of strategies and issues related to Treasury's information technology," and identifying, analyzing, and making "recommendations to strengthen Treasury's hardware and software."

10. Although Marko could have been designated as an SGE because the appointment was to perform temporary duties either on a full-time or intermittent basis for not more than 130 days, the Treasury department Ethics office *did not* designate Marko as a Special Government Employee, meaning that Marko had to comply with additional ethics requirements that are not required for SGE positions.

11. On February 6, 2025, Marko resigned from his position. He is no longer employed by the Department of the Treasury.



5

I declare the foregoing to be true and correct, upon penalty of perjury.

Dated: 2/18/2025

Signed: *[signature]*

Michael J. Wenzler

Associate Chief Human Capital Officer

for Executive and Human Capital Services

Departmental Offices of the Department of the

Treasury