UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>Defendants. | Civil No. 1:25-cv-255-RDA-WBP |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this response to Plaintiffs' notice of supplemental authority (ECF No. 33) ("Notice" or "Not.").

Plaintiffs point the Court to a Ninth Circuit decision, *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019), and an unpublished decision from the Southern District of California, *Rendon v. Cherry Creek Mortg., LLC*, 2022 WL 17824003 (S.D. Cal. Dec. 20, 2022), for the proposition that "asserted harm caused by unlawful access to personal information [i]s . . . sufficiently close to the common law harm of intrusion upon seclusion to support Article III standing." Not. at 1. As a threshold matter, Defendants do not contest—and in fact acknowledged during the hearing today—that an intrusion-on-seclusion theory could, in the abstract, support Article III standing. But *Nayab*—an out-of-circuit, pre-*TransUnion* case—appears to take this uncontested premise one step further, holding that the mere allegation of a disclosure of personal information for a statutorily unauthorized purpose *per se* confers standing. *Nayab*, 942 F.3d at 493

(concluding that "Nayab has standing to vindicate her right to privacy under the FCRA when a third-party obtains her credit report without a purpose authorized by the statute"). That analysis appears to fully elide standing with the merits, a notion that cannot survive *TransUnion*. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 429 (2021) ("A regime where Congress could freely authorize unharmed plaintiffs to sue defendants who violate federal law not only would violate Article III but also would infringe on the Executive Branch's Article II authority.").

In any event, that abstract principle does not help Plaintiffs *in this case* because, as *Nayab* recognized, any such intrusion must be "highly offensive to a reasonable person." 942 F.3d at 491 (citation omitted). On this record, as explained at the hearing, there is no colorable claim that the challenged action—allowing Treasury and OPM employees to access Treasury and OPM data systems—would satisfy this requirement. Notably, *Nayab*'s analysis of this prerequisite was a single, conclusory sentence, *id.* at 492 ("This harm is highly offensive and is not trivial because a credit report can contain highly personal information."), and *Rendon* did not analyze it at all. In any event, the outcomes of those cases under the Fair Credit Reporting Act ("FCRA") are not relevant here because each case involved a *third party* obtaining the plaintiff's credit report for unauthorized purposes. *See id.* at 487; *Rendon*, 2022 WL 17824003, at *1. There has been no such third-party access here; rather, the analogous FCRA circumstance would be if the credit reporting agency allowed its own employees to view an individual's credit history. Plaintiffs point to no case recognizing standing to assert such a claim.*

---

* Plaintiffs also cite to *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017), for similar purposes. *See* Not. at 2. But that case—also pre-*TransUnion*—involved the disclosure, to a third party, of personal information regarding what videos the Plaintiff was watching in his own home, a fact pattern far closer to the type of "highly offensive" intrusion traditionally contemplated by the tort. *See O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 246 (4th Cir. 2023) ("It's the unwanted intrusion into the home that marks intrusion upon seclusion.") (concluding that plaintiff lacked standing).

Thus, the authority cited in Plaintiff's Notice does not affect the analysis in this case.

Dated: February 21, 2025

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By: /s/Peter B. Baumhart
JONATHAN T. LUCIER, VSB No. 81303
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Tel.: (804) 819-5400
Fax: (804) 771-2316
Email: jonathan.lucier@usdoj.gov

PETER B. BAUMHART
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel.: (703) 299-3738
Fax: (703) 299-3983
Email: Peter.Baumhart@usdoj.gov

Respectfully submitted,

BRETT A. SHUMATE
Principal Deputy Assistant Attorney General
Civil Division

MARCIA BERMAN
JOSEPH E. BORSON, VSB No. 85519
Assistant Directors
Federal Programs Branch

OLIVIA G. HORTON
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel.: (202) 305-0747
Email: olivia.g.horton@usdoj.gov

*Attorneys for Defendants*