IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:25-cv-255 (RDA/WBP) |
| U.S. OFFICE OF PERSONNEL MANAGEMENT, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (the "Motion"). Dkt. 54. This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is fully briefed and ripe for disposition. Considering the Amended Complaint (Dkt. 51), Defendants' Memorandum in Support (Dkt. 55), Plaintiffs' Opposition (Dkt. 57), Defendants' Reply (Dkt. 61), Defendants' Notice of Supplemental Authority (Dkt. 62), Plaintiffs' Notice of Factual Development (Dkt. 63), and the parties' Supplemental Briefs (Dkts. 68, 69), this Court DENIES the Motion for the reasons that follow.

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's

1

favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

In the Amended Complaint, Plaintiffs assert eight claims arising out of the alleged disclosure of personally identifiable information to unauthorized individuals. Dkt. 51. Defendants moved to dismiss for lack of standing and for failure to state a claim. Dkt. 55. However, as Defendants concede, Dkt. 68, their standing argument has now been expressly rejected by the en banc Fourth Circuit in *American Federation of State, County & Municipal Employees, AFL-CIO v. Social Security Administration*, 172 F.4th 361 (4th Cir. 2026) (en banc). Moreover, other courts in similar cases have rejected Defendants' arguments as to failure to state a claim. *See Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt.*, 777 F. Supp. 3d 253 (S.D.N.Y. 2025); *Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Dep't of Lab.*, 778 F. Supp. 3d 56 (D.D.C. 2025). Considering these cases, and applying the relevant standard at the motion-to-dismiss stage, the Court finds that Defendants have failed to show that the Amended Complaint should be dismissed at this time.

Accordingly, it is hereby ORDERED that the Motion to Dismiss (Dkt. 54) is DENIED; and it is

FURTHER ORDERED that a scheduling order shall issue promptly.

It is SO ORDERED.

Alexandria, Virginia
July ___24___, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

2