**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

ELECTRONIC PRIVACY INFORMATION CENTER, et al.,

Plaintiffs,

v.

U.S. OFFICE OF PERSONNEL MANAGEMENT, et al.,

Defendants.

No. 1:25-cv-255 (RDA/WBP)

**JOINT PROPOSED DISCOVERY PLAN**

The parties, pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, respectfully submit this Joint Proposed Discovery Plan to the Court.

1. The parties have conferred pursuant to Fed. R. Civ. P. 26(f) regarding the conduct of discovery in this case, and they respectfully propose that the Court adopt the schedule and provisions described below.

2. Initial Disclosures. The parties will exchange disclosures required by Fed. R. Civ. P. 26(a)(1)(A) by **September 11, 2026**.

3. Joinder of Parties. The parties do not anticipate the joinder of additional parties.

4. Amendment of Pleadings. The parties do not anticipate the filing of amended pleadings.

5. Administrative Record: Defendants agree to file any certified administrative record on or before **September 30, 2026**.

   a. The parties agree that the certified administrative record shall govern the resolution of Counts IV, V, and VI in Plaintiffs' Amended Complaint (Dkt. 51), and that none of those Counts shall serve as the basis for additional discovery, though the parties reserve the right to rely on information adduced through additional discovery for purposes of establishing the contours of challenged agency actions.

6. Discovery.

a. Any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on January 4, 2027, pursuant to the Court's Order of August 3, 2026 (Dkt. 71).

b. Interrogatories: Each party may serve to any other party a maximum of thirty (30) interrogatories, including parts and subparts, without leave of court.

c. Requests for Production: Each party may serve to any other party a maximum of thirty (30) requests for production of documents, without leave of court.

d. Depositions: Each party may take a maximum of five (5) non-party, non-expert depositions, without leave of court. Each deposition shall be limited to a maximum of one (1) day of seven (7) hours of actual testimony, unless extended by agreement of the parties or Order of the Court. The parties agree that they will make reasonable efforts to agree on dates and times for any depositions convenient to the deponent, counsel, and the parties. Notice of any deposition will be given at least eleven (11) days before the scheduled date of the deposition, consistent with Local Rule 30(H).

e. Document Subpoenas: The parties agree that if any documents are received from third parties pursuant to subpoena, a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request , or Virginia FOIA, Va. Code § 2.2-3700, request that is relevant to this case, the receiving party shall alert the remaining parties to the receipt of such documents within five (5) business days of receipt and shall make the received documents available for inspection and copying.

f. Protective Order: Should a protective order be appropriate, the parties will confer in good faith to agree on the terms of a protective order to propose to the Court.

7. <u>Expert Witnesses:</u>

a. Plaintiff shall disclose any expert(s) who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before **November 5, 2026**.

b. Defendant shall disclose any expert(s) who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before **December 7, 2026.**

c. Plaintiff shall disclose any contradictory evidence or rebuttal to the other party's disclosure(s) made pursuant to Section 6.b on or before **December 21, 2026.**

8. <u>Electronically Stored Information ("ESI")</u>. The following standards will apply to the production of ESI.

The parties will produce ESI in printed form on paper or in PDF format. Unless the parties agree otherwise or unless the responsive documents are unsuited to static imaging, such as Excel spreadsheets, producing ESI in native format is unnecessary. To the extent that the printed or PDF document does not indicate information that may be important (such as the date, location, and specific terminal on which the document was created or modified; the sender and all recipients of electronically transmitted data; and the locations of the terminals on which it is stored), the parties will, upon reasonable request related to particular documents, accommodate such requests to the extent practicable. The parties reserve the right to object to any such requests or seek to compel production.

9. Issues Regarding Privilege.

a. Inadvertent disclosure: The inadvertent production of a privileged or protected document (including electronic documents) shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. The production of privileged or protected documents without the intent to waive that privilege or protection does not constitute a waiver, so long as the disclosing party identified the inadvertently disclosed documents within a reasonable time. In the event of an inadvertent disclosure, the receiving party will cease review of the inadvertent production and confirm with the disclosing party the return of the inadvertently disclosed material and destruction of any copies.

b. Privileged communications between counsel, or between parties and their counsel: The parties agree that they shall not seek discovery of documents created after the filing of Plaintiff's administrative claim that are privileged because they are sent solely between counsel for a particular party, or that are privileged because they are sent between a party and that party's counsel, or that are privileged because they were generated at the direction of counsel or reflect counsel's attorney work product. If any discovery request is susceptible of a construction that calls for the production of such documents, those documents need not be produced or identified on any privilege log.

c. Privilege Logs: Unless otherwise agreed, the parties shall serve a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) ten (10) business days after the written response to a request for documents. The privilege log shall identify: (a) the date of the privileged information; (b) the author(s) of the privileged information; (c) the recipient(s) of the privileged information; (d) the subject matter of the privileged information; and (e) the basis of the claim of privilege. Privilege logs shall not be required for privileged documents generated between counsel for a party, or between a party and that party's counsel, or at the direction of counsel, or reflecting counsel's attorney work product, after the filing of Plaintiff's administrative claim. Further, to the extent any discovery request is susception of a construction that calls for materials disclosed during any grand jury proceedings, such materials shall not be produced or identified on any privilege log. *See* Fed. R. Crim. P. 6(e).

10. Deposition Designations. Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(ii), the parties shall file deposition designations, if any, fourteen (14) days before the trial date, with any opposing party objections due seven (7) days later.

11. Preservation and Retention of Documents. Counsel for the parties have instructed their clients to retain and preserve documents, information, and things (including ESI) that may be relevant to the subject matter of this lawsuit.

12. Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses. All pleadings, motions, and other papers that are filed are to be served electronically as provided for by the Federal Rules and the Local Rules. In addition, the parties agree that they will serve by email or electronic file transfer all discovery requests and written responses and any other papers that are not filed, unless doing so is not technically feasible, in which case those documents will be served via first-class mail, overnight delivery, or through an electronic file-share platform.

13. Settlement. The parties remain open to discussing settlement of this matter. If the parties reach a point where they believe that their discussions may be aided by a settlement conference with the presiding Magistrate Judge, they will arrange to schedule such a conference at a time convenient for the Court.

14. Trial Before Magistrate. The parties do not consent to the trial of this matter by a United States Magistrate Judge.

15. Waiver of Rule 16(b) Pretrial Conference. Because the parties are in agreement on the Joint Proposed Discovery Plan, the parties, through counsel, jointly request that the Rule 16(b) Initial Pretrial Conference scheduled for September 2, 2026, at 11 a.m. be cancelled.

Dated: August 26, 2026

/s/
Matthew B. Kaplan, VSB #51027
THE KAPLAN LAW FIRM
1100 N. Glebe Rd., Suite 1010
Arlington, VA 22201
Tel: (703) 665-9529
Email: mbkaplan@thekaplanlawfirm.com

Mark Samburg*
Aman T. George*
Orlando Economos*
Robin F. Thurston*
Skye Perryman*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
Email: msamburg@ democracyforward.org
ageorge@democracyforward.org
oeconomos@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

Alan Butler*
EPIC Executive Director
John L. Davisson*
EPIC Director of Litigation
ELECONTRIC PRIVACY INFORMATION CENTER
1519 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel: (202) 483-1140
Fax: (202) 483-1248

**admitted* pro hac vice

*Counsel for Plaintiffs*

Respectfully Submitted,

TODD W. BLANCHE
Attorney General

THEOPHANI K. STAMOS
First Assistant United States Attorney

/s/
MATTHEW J. MEZGER
CARL MOORE
Assistant United States Attorneys
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3741/236-3864
Fax: (703) 299-3982
Email: matthew.mezger@usdoj.gov
carl.moore@usdoj.gov

*Counsel for Defendants*